**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**MEGAN BRITT, BRETT HAWKINS,
STEVE HARBOUR, JASON NORMAN,
BRIAN MILEY, CLINT BUCKLEY,
JASON BAKER, and CHRIS CARNEY, individually,
and on behalf of all others similarly situated**           **PLAINTIFFS**

**VS.**           **CIVIL ACTION NO.: 1:18-cv-38-GHD-DAS**

**MISSISSIPPI FARM BUREAU CASUALTY
INSURANCE COMPANY, SOUTHERN
FARM BUREAU LIFE INSURANCE
COMPANY, and SOUTHERN FARM BUREAU
CASUALTY INSURANCE COMPANY**           **DEFENDANTS**

_____

**MISSISSIPPI FARM BUREAU CASUALTY INSURANCE COMPANY'S
MEMORANDUM BRIEF IN SUPPORT OF ITS MOTION TO DISMISS**
_____

      Mississippi Farm Bureau Casualty Insurance Company submits this Memorandum Brief in support of its Motion to Dismiss the Plaintiffs' lawsuit against it.

### INTRODUCTION

      From the get-go, the Plaintiffs claim that the three separate corporate Defendants are "an integrated enterprise," impermissibly lumping together into a single entity they call "Farm Bureau." Doc. 10, p. 1. The Plaintiffs claim "Farm Bureau" misclassified them as independent contractors when they were actually "Farm Bureau" employees. Based on this assertion of employment, the Plaintiffs seek damages under the FLSA for unpaid overtime and for "Farm Bureau's" failure to keep records and under FICA for taxes.

      The Plaintiffs are insurance agents who, at various times, signed contracts to sell property and casualty insurance with Mississippi Farm Bureau. Each of the Plaintiffs also

had a separate contract to sell life insurance with Defendant Southern Farm Bureau Life Insurance Company ("SFB Life"). These contracts[1] are the basis for the Plaintiffs' lawsuit and their claims of misclassification. *Id.*, ¶ 1, 38.

The First Amended Complaint contains no allegations of conduct specific to Mississippi Farm Bureau, and it should be dismissed. The Plaintiffs also fail to show that they worked any hours for Mississippi Farm Bureau, let alone over 40 hours in a workweek, and they fail to show that Mississippi Farm Bureau was their employer. Thus, their FLSA overtime claims should be dismissed. Finally, the Plaintiffs seek damages under § 211 of the FLSA and under FICA, but neither provides any private cause of action, and those counts should be dismissed.

## FACTUAL ALLEGATIONS RELEVANT TO DISMISSAL

When considering a Rule 12(b)(6) motion, this Court will accept factual allegations of a complaint as true.[2] There are some limitations to this: "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002). Likewise, this Court will not accept "unwarranted deductions of fact" as true. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

---

[1] Mississippi Farm Bureau attached the Plaintiffs' contracts as Exhibits 1-8 to its Motion to Dismiss. "[D]ocuments attached to the motion to dismiss that are central to the claim and referenced by the complaint" should be considered by this Court when deciding Mississippi Farm Bureau's Motion. *Lone Star Fund V (US), LP v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)

[2] Mississippi Farm Bureau discusses the Plaintiffs' allegations under that standard. This discussion in no way signifies agreement with any of the Plaintiffs' assertions, claims, or allegations.

The First Amended Complaint contains a single allegation specific to Mississippi Farm Bureau: that it is a separate corporation with its own registered agent for service of process.[3] Doc. 10, ¶ 20. Without acknowledging any differences among the Defendants, the Plaintiffs immediately lump them into a group they call "Farm Bureau," claiming that the three separate corporations are "an integrated enterprise that jointly employed (or employs) one or more of the Plaintiffs…." *Id.* at p. 1.

The Plaintiffs are insurance agents who "worked…for Farm Bureau pursuant to contract…." *Id.* Based on the contracts to sell insurance that the Plaintiffs had with Defendants Mississippi Farm Bureau and SFB Life, the Plaintiffs allege "Farm Bureau" misclassified them as "independent contractors when, in fact, they are or were nonexempt employees." *Id.* This supposed misclassification is the basis for the Plaintiffs' claims under FLSA and FICA. *Id.*, ¶¶ 140-52.

There is no misclassification. In their contracts with Mississippi Farm Bureau, the Plaintiffs repeatedly confirmed that they were independent contractors. For example, they agreed:

- They would "operate as an independent contractor."
- Their contracts would "be governed by those rules of law governing the status of and relationship consistent with independent contractors, and not those rules of law governing employer/employee relations."
- Mississippi Farm Bureau's rate books, manuals, and underwriting guidelines "would not interfere with [their] status as an independent contractor."

---

[3] Notably, the address provided and the registered agent listed differ from the public records of the Mississippi Insurance Department. Exhibit 9.

Exhibits 1-8 to Motion to Dismiss, ¶ 2A, E.

Despite these express agreements, the Plaintiffs now claim that "Farm Bureau" employed them, and they all "regularly worked in excess of forty (40) hours per week" for "Farm Bureau." *Id.*, ¶¶ 12-19. But nowhere in the First Amended Complaint are there any details about this alleged overtime.

The Plaintiffs acknowledge that the Defendants are separate corporations that "offer different kinds of insurance...." *Id.*, ¶¶ 20-22, 31. The State of Mississippi has licensed Mississippi Farm Bureau to sell seven lines of insurance, none of which are life, accident and health, or variable contracts insurance. Exhibit 9 to Motion to Dismiss. Defendant Southern Farm Bureau Casualty Insurance Company is licensed to sell 11 lines of insurance, none of which are life, accident and health, or variable contracts insurance. Exhibit 10 to Motion to Dismiss. On the other hand, the State of Mississippi has licensed SFB Life to only three lines of insurance: life, accident and health, and variable contracts insurance.[4] Exhibit 11 to Motion to Dismiss.

They Plaintiffs complain that "Farm Bureau" did not "compensate" them for their overtime. *Id.*, ¶¶ 6, 140-42. But the Plaintiffs never provide any details about any specific workweek or the extra hours allegedly worked for "Farm Bureau." They never mention, let alone describe, the specific hours worked for each of the Defendants or even the

---

[4] This court can and should consider the information from the Mississippi Insurance Department. When deciding a motion to dismiss, it is "clearly proper" for this Court "to take judicial notice of matters of public record." *Norris v. Hearst Tr.*, 500 F.3d 454, 461 n.9 (5th Cir. 2007). Government records, such as licensing documents, are public records. Fed. R. Evid. 803(8). *See, e.g., NLRB v. Clark*, 468 F.2d 459, 464 (5th Cir. 1972) (recognizing a "state license application" as a public record) and *Jacquez v. Compass Bank*, No. EP-15cv26, 2016 U.S. Dist. LEXIS 67680, *21-22 (W.D. Tex. May 24, 2016) (noting that "whether an individual is a licensed attorney is a matter of public record.").

specific hours spent selling or servicing life insurance as opposed to property and casualty insurance. They never mention, let alone describe, the time they spent selling and servicing insurance for any of the other companies for which the Plaintiffs were licensed to sell. *See, e.g.*, Exhibit 12 to Motion to Dismiss (MID Licenses for Hawkins).

The Plaintiffs next claim that "Farm Bureau" did not "keep proper records of hours [they] worked" and that this somehow entitles them to damages. *Id.*, ¶¶ 5, 144-45. There is no cause of action for this claim.

Based on their allegation that "Farm Bureau" employed them, the Plaintiffs also claim that "Farm Bureau" violated FICA by failing to pay their taxes. *Id.*, ¶¶ 146-52. Except the Plaintiffs agreed in their contracts with Mississippi Farm Bureau to pay "self-employment and income taxes," expressly "acknowledge[ing] that the Company will not have any responsibility with respect to …Federal Insurance Contributions Act…." Exhibits 1-8, ¶ 2A. But even if the Plaintiffs had not so agreed, there is no private cause of action under FICA.

## ARGUMENT

The Plaintiffs have failed to state any claims against Mississippi Farm Bureau upon which relief can be granted. Mississippi Farm Bureau should be dismissed from this lawsuit.

Rule 12(b)(6) motions challenge the legal sufficiency of the complaint. *Servicios Azucareros De Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 806 (5th Cir. 2012). This Court must decide whether the First Amended Complaint states any valid claims against Mississippi Farm Bureau. *Lone Star Fund*, 594 F.3d at 387.

Since the Plaintiffs haven't "plead 'enough facts to state a claim to relief that is plausible on its face,'" this Court should grant Mississippi Farm Bureau's Motion. *Colony*

*Ins. Co. v. Peachtree Constr., Ltd.*, 647 F.3d 248, 252 (5th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 & 570 (2007)). The alleged facts, although assumed to be true, must still "raise a right to relief above the speculative level...." *Twombly*, 550 U.S. at 555 (citations omitted). In other words, to survive a Motion to Dismiss, the Plaintiffs' claims cannot be "'supported by mere conclusory statements.'" *Richards v. JRK Prop. Holdings*, 405 F. App'x 829, 830 (5th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

An FLSA complaint is no different. These Plaintiffs, like all others, must allege "'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 114 (2d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678).

There are no allegations specific to Mississippi Farm Bureau other than a single paragraph describing it as a separate corporation. The Plaintiffs' First Amended Complaint fails to state any claims against Mississippi Farm Bureau upon which relief could be granted, and it should be dismissed.

## I. The Plaintiffs fail to allege that Mississippi Farm Bureau did anything wrong.

After impermissibly conflating the three separate corporate Defendants into one fictional entity, the Plaintiffs' allegations of improper conduct are made against this muddled "Farm Bureau," with no distinctions specific to each Defendant. The First Amended Complaint contains allegations of conduct supposedly committed by "Farm Bureau." *See, e.g.*, Doc. 10, ¶¶ 48-50. The Plaintiffs also allege that the undefined, non-party "Mississippi Farm Bureau" employed them. *Id.*, ¶ 42. The Plaintiffs claim that "Farm Bureau" employs them because some people—some of whom aren't even agents,

which is the putative class—have described themselves on social media as working for one or more of the Defendants. *Id.*, ¶ 34. Finally, the Plaintiffs claim that all three Defendants "constitute[] a single enterprise under" the FLSA. *Id.*, ¶ 28.

Rule 8 and Rule 12 require more. The descriptions people give to themselves on social media are exactly the type of "labels and conclusions" the U.S. Supreme Court has said courts must ignore. *Twombly*, 550 U.S. at 555. Even if the Defendants are an enterprise—and they are not—the Plaintiffs must still "alleg[e] that they were injured by each defendant named in the suit." *Richard v. Flowers Foods, Inc.*, No. 15-02557, 2016 U.S. Dist. LEXIS 153446, *10 (W.D. La. Oct. 13, 2016). *See also Lucas v. BMS Enters.*, No. 3:09cv2159, 2010 U.S. Dist. LEXIS 66050, *11 (N.D. Tex. July 1, 2010) (holding that each named plaintiff must allege an injury caused by each named defendant).

Instead of relying on labels, indistinct grouping, recitals of the law, and conclusory allegations, plaintiffs must give defendants a head's up about their supposed misconduct. When a complaint "lump[s] all the defendants together in each claim and provid[es] no factual basis to distinguish their conduct, [the] complaint failed to satisfy [Rule 8's] minimum standard." *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001). Similarly, a complaint that failed to "explain[]…or distinguish[] between the relevant conduct of the named Defendants" was dismissed under Rule 12(b)(6). *Sahlein v. Red Oak Capital, Inc.*, No. 3:13cv67, 2014 U.S. Dist. LEXIS 90860, *11 (N.D. Miss. July 3, 2014). *See also Ware v. U.S. Bank Nat'l Ass'n*, No. 3:13cv387, 2013 U.S. Dist. LEXIS 178813, *14 (S.D. Miss. Dec. 20, 2013) (requiring that any amended complaint avoid "lumping the defendants together" and instead provide separate allegations against "each defendant").

This makes sense. Without knowing what it did wrong, how can Mississippi Farm Bureau defend itself? For example, in a defamation case, a defendant needs to know what defamatory statements it supposedly made. *Swindol v. Aurora Flight Scis. Corp.*, 832 F.3d 492, 494-95 (5th Cir. 2016). Likewise, in a breach of express warranty case, without telling the defendant when the product was "installed or manufactured," the defendant has no way of knowing whether the warranty period covers the alleged defects. *Seahorn Invs., L.L.C. v. Goodman Mfg. Co., L.P.*, 667 F. App'x 452, 454 (5th Cir. 2016).

The First Amended Complaint contains no allegations of conduct specific to Mississippi Farm Bureau. By grouping the three Defendants together, the Plaintiffs have failed to provide any specific allegations about any of them. Under Rule 8, the Plaintiffs' lawsuit should be dismissed.

**II. The Plaintiffs overtime claims should be dismissed.**

In Count I, the Plaintiffs claim they are entitled to overtime under the FLSA because "Farm Bureau" employs them and because they worked over 40 hours in a given workweek. The First Amended Complaint contains none of the required allegations to support these overtime claims, and they should be dismissed.

> *a. The Plaintiffs fail to allege that they worked any amount of time for Mississippi Farm Bureau let alone over 40 hours in any given workweek.*

"The FLSA establishes the general rule that employees must receive overtime compensation at one and one-half times the regular rate for hours worked in excess of 40 hours during a seven-day workweek." *Randle v. City of New Albany*, No. 3:05cv74, 2006 U.S. Dist. LEXIS 51013, *4 (N.D. Miss. July 25, 2006) (citing 29 USC § 207(a)).

In the First Amended Complaint, the Plaintiffs claim they "regularly worked in excess of forty (40) hours per week" and "frequently and routinely worked over 40 hours

per week." Doc. 10, ¶¶ 12-19, 102. According to the Plaintiffs, "Farm Bureau" violated the FLSA by allowing them "to work more than 40 hours per week without overtime compensation." *Id.*, ¶ 65.

Federal law requires more than a "naked assertion devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (citations and quotations omitted). Simply reciting, as the Plaintiffs have done here, "the elements of a cause of action, supported by mere conclusory statements," is insufficient. *Id.* A complaint, at the very least, is "required to do more than repeat the language of the statute." *DeJesus v. HF Mgmt. Servs.*, 726 F.3d 85, 89 (2d Cir. 2013). In *DeJesus*, the plaintiff merely alleged "that in 'some or all weeks' she worked more than 'forty hours' a week without being paid '1.5' times her rate of compensation." *Id.* at 89. In affirming the district court's dismissal, the Second Circuit "required that plaintiffs... provid[e] complaints with sufficiently developed factual allegations." *Id.* at 90.

As the Fifth Circuit explained, plaintiffs claiming FLSA violations "must do more than simply aver" the hours they allegedly worked; they must "provid[e] a basis" from which a court can draw a reasonable inference that overtime was worked. *Garcia v. U Pull It Auto & Truck Salvage, Inc.*, 657 F. App'x 293, 298 (5th Cir. 2016). Plaintiffs who fail to "offer[] any detail" about the hours allegedly worked will not avoid dismissal. *Pruell v. Caritas Christi*, 678 F.3d 10, 13 (1st Cir. 2012). In *Pruell*, the district court's dismissal was affirmed by the First Circuit because the FLSA plaintiffs had only alleged they had regularly worked over 40 hours in a week. *Id.* at 13-14.

This lawsuit contains the same type of deficient pleading, listing only the elements of an overtime cause of action with no detail or factual support. With no detail provided,

the Plaintiffs' claim that they regularly worked more than 40 hours in some workweeks is—by itself—insufficient, and their overtime claims should be dismissed.

This generalized pleading also means the Plaintiffs never allege what hours—over 40 or not—they spent working for any one of the three Defendants. The Defendants are separate companies, each licensed to sell different insurance products. Exhibits 9-11. The Plaintiffs are or were insurance agents, licensed by multiple companies. *See, e.g.*, Exhibit 12. The Plaintiffs fail to describe a single hour they spent selling Mississippi Farm Bureau's products. They don't even describe their time spent selling property and casualty insurance for Mississippi Farm Bureau as compared to life insurance for SFB Life (let alone the time spent selling insurance for any of the other companies they were licensed with).

Without a single factual allegation that allows this Court to reasonably infer that the Plaintiffs worked more than 40 hours in any workweek for any of the Defendants, let alone Mississippi Farm Bureau specifically, the Plaintiffs' First Amended Complaint lacks the specificity required for an FLSA claim of overtime. The Plaintiffs' overtime claims (Count I) should be dismissed.

  b. *Mississippi Farm Bureau did not employ the Plaintiffs.*

The Plaintiffs have failed to sufficiently allege they worked over 40 hours for any of the Defendants, let alone Mississippi Farm Bureau. Likewise, the Plaintiffs' assertion that Mississippi Farm Bureau was their employer is insufficient.

To support their allegation that SFB Casualty was their employer, the Plaintiffs simply state that they were jointly employed by all the Defendants. This claim is nothing more than a conclusory legal conclusion and should be disregarded.

Joint employment exists only if each alleged employer satisfies the FLSA's economic realities test. *Gray*, 673 F.3d at 355. *See also White v. NTC Transp., Inc.*, No. 4:11cv007, 2013 U.S. Dist. LEXIS 139267, *21 (N.D. Miss. Sep. 27, 2013) (applying test to each alleged employer) and *Papagolos v. Lafayette Cty. Sch. Dist.*, 972 F. Supp. 2d 912, 919 (N.D. Miss. 2013) (applying test to each alleged employer under the Equal Pay Act).

The Plaintiffs have failed to make any allegations specific to any of the Defendants. With no allegations against Mississippi Farm Bureau, there can be no reasonable inference that the economic realities test would be met and no reasonable inference that Mississippi Farm Bureau is the Plaintiffs' employer. By failing to allege anything specific to Mississippi Farm Bureau that would satisfy the required economic realities test, the Plaintiffs have failed to state a claim for overtime against Mississippi Farm Bureau. Count I should be dismissed.

### III. There is no private cause of action against an alleged employer that fails to keep time records. Count II should be dismissed.

Count II of the Plaintiffs' First Amended Complaint should also be dismissed. In Count II, the Plaintiffs claim Mississippi Farm Bureau "failed to keep adequate records of the work hours and pay of Plaintiffs...." Doc. 10, ¶ 144; *see also* ¶¶ 5, 7. The Plaintiffs claim this alleged statutory violation entitles them to damages from "Farm Bureau." *Id.*, ¶ 145.

Section 211 of the FLSA requires an employer to "make, keep, and preserve" an employee's wage and hour records. 29 USC § 211(c). But the FLSA includes no separate cause of action against an alleged employer for the failure to make, keep, or preserve those records. 29 USC § 216. The result of this rule is simple: no damages exist even if employers "admitted they breached their duty to make and keep accurate records of their employees'

hours." *Garcia*, 657 F. App'x at 297. In *Garcia*, although there was no dispute that § 211 was breached, no damages were awarded to the plaintiff. *Id.* at 298.

In Count II, the Plaintiffs seek damages based solely on an alleged violation of § 211. Since no such claim exists, Count II should be dismissed.

**IV.    There is no FICA-based cause of action against an alleged employer. Counts III and IV should be dismissed.**

FICA contains no right of action against an employer (alleged or otherwise). 26 USC § 3101 *et seq.* The Fifth Circuit has ruled there is no private cause of action arising under FICA. *Johnson v. S. Farm Bureau Life Ins.*, 2000 U.S. App. LEXIS 40419, *5 (5th Cir. 2000). Johnson filed a lawsuit, claiming he had been misclassified as an independent contractor. *Id.* at *1. Like the Plaintiffs here, Johnson claimed that, as an independent contractor, he had to pay higher taxes than he would have paid if Southern Farm Bureau Life had treated him as an employee. *Id.* The Fifth Circuit, in affirming the district court's dismissal, rejected the FICA-based claims because there is an "exclusive remedy" for a such a claim—an action against the United States under 26 USC § 7422. *Id.* at *2-3, *5. *See also Lewis v. Robertson*, No. 3:13cv92, 2013 U.S. Dist. LEXIS 149544, *33 (S.D. Miss. Oct. 17, 2013) (quoting *Gifford v. Meda*, No. 09cv13486, 2010 U.S. Dist. LEXIS 45322, *33-34 (E.D. Mich. May 10, 2010)) (recognizing that "[t]he vast majority of cases that have decided this issue…conclude that the exhaustive regulatory scheme embodied in the IRC, FICA and the SSA for resolution of employee classification claims forecloses a private right of action….").

Other circuit courts of appeal have reached the same conclusion, although through a different analysis. In 2002, the Eleventh Circuit addressed the same scenario: a FICA claim brought by an insurance agent. *McDonald v. S. Farm Bureau Life Ins. Co.*, 291 F.3d

718, 726 (11th Cir. 2002). McDonald—like these Plaintiffs and as in *Johnson*—claimed he was an employee and not an independent contractor. *Id.* at 721. McDonald filed a class action that alleged Southern Farm Bureau Life violated FICA by misclassifying its agents as independent contractors. *Id.* at 721-22.

In affirming the district court's dismissal of the FICA claims, the Eleventh Circuit first explained that "there can be no dispute that FICA" includes no express cause of action. *Id.* at 722. The question was whether FICA implies such a cause of action. *Id.* After a detailed analysis, the court held "that no private right of action may be implied under FICA." *Id.* at 726. The Third Circuit agrees, holding that "FICA does not create a private right of action." *Umland v. PLANCO Fin. Servs.*, 542 F.3d 59, 67 (3d Cir. 2008).

In the Fifth Circuit, as well as in other courts across this country, the law is clear: there is no private cause of action under FICA. Counts III and IV of the First Amended Complaint should be dismissed.

## CONCLUSION

The Plaintiffs have failed to state any claims upon which relief can be granted. Each should be dismissed. Mississippi Farm Bureau requests that this Court enter an Order dismissing the Plaintiffs' lawsuit against it.

Dated: June 4th, 2018.

          Respectfully submitted,

          **MISSISSIPPI FARM BUREAU**
          **CASUALTY INSURANCE COMPANY**

By:    */s/ James R. Moore, Jr.*
        James R. Moore, Jr. (MSB #3445)
        Robert C. Richardson (MSB #5330)
        Rebecca S. Blunden (MSB #99611)
        *Its Attorneys*

-14-

OF COUNSEL:

**COPELAND, COOK, TAYLOR & BUSH, P.A.**
Post Office Box 6020
Ridgeland, Mississippi 39158
Telephone:   601-856-7200
jmoore@cctb.com
brichardson@cctb.com
rblunden@cctb.com

---

## CERTIFICATE OF SERVICE

I hereby certify that on the below date I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent copies of this document to all counsel of record.

Dated: June 4, 2018.

*/s/ James R. Moore, Jr.*
James R. Moore, Jr.