UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

MEGAN BRITT, *et al.*     PLAINTIFFS

v.     Civil No. 1:18-cv-00038

MISSISSIPPI FARM BUREAU
CASUALTY INSURANCE COMPANY, *et al.*     DEFENDANTS

**MEMORANDUM OPINION**

Plaintiffs in this case allege that Defendants, three separate insurance companies, failed to provide them overtime pay in violation of the Fair Labor Standards Act. Defendants filed motions to dismiss the claims [Docket Nos. 22, 24, 26]. Plaintiffs have responded and the matter is now ripe for review. Having considered the matter, the Court finds the motions should be granted in part and denied in part.

**Background**

Plaintiffs are current and former insurance agents who each sold insurance products offered by the three Defendants: Southern Farm Bureau Life Insurance Company ("SFB Life"), Southern Farm Bureau Casualty Insurance Company ("SFB Casualty"); and Mississippi Farm Bureau Casualty Company ("Mississippi Farm Bureau"). Plaintiffs allege that Defendants, acting as joint employers, misclassified each of them as independent contractors rather than employees. Plaintiffs allege that Defendants denied them overtime pay for certain weeks in which they worked over 40 hours per week in violation of the Fair Labor Standards Act ("FLSA"). Plaintiffs also allege that Defendants failed to withhold taxes from their paychecks in violation of the Federal Insurance Contributions Act ("FICA"). Defendants seek to dismiss the complaint for failure to state a claim.

## Standard of Review

When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations set forth in the complaint and any documents attached to the complaint. *Walker v. Webco Indus., Inc.*, 562 F. App'x 215, 216–17 (5th Cir. 2014) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004)). "[A plaintiff's] complaint therefore 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Phillips v. City of Dallas, Tex.*, 781 F.3d 772, 775–76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Webb v. Morella*, 522 F. App'x 238, 241 (5th Cir. 2013) (quoting *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010) (internal quotation marks omitted)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quoting *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (internal quotation marks omitted)). "Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.'" *Emesowum v. Hous. Police Dep't*, 561 F. App'x 372, 372 (5th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. 1955).

## Analysis

Plaintiffs allege four causes of action against Defendants: a failure to pay overtime wages (count 1); a failure to keep time records (count 2); a failure to pay FICA taxes (count 3); and a failure to withhold FICA taxes from Plaintiffs' pay (count 4).

Defendants argue that there are no private causes of actions for a failure to keep time records under FLSA or a failure to pay and withhold FICA taxes. Plaintiffs' agree. Therefore counts 2, 3, and 4 of the complaint will be dismissed.

Turning to the failure to pay overtime wages claim, Defendants object to Plaintiffs' grouping of all three Defendants under the single moniker of "Farm Bureau". They each argue that Plaintiffs' grouping of the Defendants under a single name prevents Plaintiff from alleging an employment relationship with each Defendant, and that Plaintiffs have not successfully pleaded they are jointly employed by Defendants. Defendants further argue that that Plaintiffs have failed to allege facts about their hours worked necessary to support their claim.

FLSA requires employers to compensate employees who work more than 40 hours a week with overtime pay on those excess hours. 29 U.S.C. § 207(a). If more than one person or entity controls an individual, they may be considered "joint employers":

> [I]f the facts establish that the employee is employed jointly by two or more employers, i.e., that employment by one employer is not completely disassociated from employment by the other employer(s), all of the employee's work for all of the joint employers during the workweek is considered as one employment for purposes of the [FLSA].

29 C.F.R. § 791.2. Joint employers "are responsible, both individually and jointly, for compliance with all of the applicable provisions of the act, including the overtime provisions, with respect to the entire employment for the particular workweek." *Id.*

Defendants must first each be "employers" of the Plaintiffs, before they can be "joint employers". *See Joaquin v. Coliseum Inc.*, No. A-15-CV-787-LY, 2016 WL 3906820, at *7 (W.D. Tex. July 13, 2016), *report and recommendation approved sub nom. Joaquin v. Hinojosa*, No. A-15-CV-787-LY, 2016 WL 7647630 (W.D. Tex. Aug. 2, 2016) (rejecting plaintiffs' joint employment theory against entities where plaintiffs failed to allege employment with each entity). Thus, the Court must first determine whether Plaintiffs have plead that each Defendant is their employer.

I. **Employment Status**

FLSA's maximum hours provision applies to "employers." *See* 29 U.S.C. § 207. Thus, an initial question in FLSA cases is whether the defendant is the plaintiff's "employer", or whether the plaintiff is an independent contractor. The "label" that each party may apply to the individual in the course of their working relationship does not matter. *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 729, 67 S. Ct. 1473, 1476, 91 L. Ed. 1772 (1947) ("Where the work done, in its essence, follows the usual path of an employee, putting on an 'independent contractor' label does not take the worker from the protection of [FLSA].")

Instead, to determine whether an entity is an "employer" (and thus whether a plaintiff is an employee), courts must focus "on economic reality and economic dependence." *Watson v. Graves*, 909 F.2d 1549, 1553 (5th Cir. 1990). Over the years the Fifth Circuit has promulgated various factors to consider in this "economic realities test." In one instance the Fifth Circuit has instructed courts to consider:

> the total employment situation . . . with particular regard to the following questions: (1) Whether or not the employment takes place on the premises of the company?; (2) How much control does the company exert over the employees?; (3) Does the company have the power to fire, hire, or modify the employment condition of the employees?; (4) Do the employees perform a 'specialty job' within

the production line?; and (5) May the employee refuse to work for the company or work for others?

*Wirtz v. Lone Star Steel Co.*, 405 F.2d 668, 669–70 (5th Cir. 1968). In another, the factors included considering whether the alleged employer: "(1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Gray v. Powers*, 673 F.3d 352, 355 (5th Cir. 2012) (citing *Williams v. Henagan*, 595 F.3d 610, 620 (5th Cir. 2010)). In yet another version, factors were "(1) the degree of control exercised by the alleged employer; (2) the extent of the relative investments of the worker and the alleged employer; (3) the degree to which the worker's opportunity for profit or loss is determined by the alleged employer; (4) the skill and initiative required in performing the job; and (5) the permanency of the relationship." *Hopkins v. Cornerstone Am.*, 545 F.3d 338, 343 (5th Cir. 2008) (citing *Herman v. Express Sixty-Minutes Delivery Serv., Inc.*, 161 F.3d 299, 303 (5th Cir. 1998). These factors are not exhaustive, and "[n]o single factor is determinative." *Id.* (citing *Brock v. Mr. W Fireworks, Inc.*, 814 F.2d 1042, 1043–44 (5th Cir. 1987)). The ultimate question is whether "the individual is, as a matter of economic reality, in business for himself or herself." *Herman*, 151 F.3d at 303.

Here there is more than one alleged employer. Therefore, "this court 'must apply the economic realities test to each . . . and each must satisfy'" the test. *Gray*, 673 F.3d at 355 (citing *Graves*, 909 F.2d at 1556).

The Court analyzes the allegations with two points in mind: first, the Court must accept Plaintiffs' factual allegations as true, so long as they are supported by more than "mere conclusory statements". *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (citing *Twombly* 550 U.S. at 555, 127 S. Ct. 1955) Second, the complaint need not make "detailed factual allegations," but simply enough factual matter to show that it is "plausible" that Plaintiffs are entitled to relief. *Id.* Thus, the

question for the Court to answer is whether Plaintiffs have presented enough factual matter, taken as true, to plausibly suggest that they were employed by each Defendant under the "economic realities" standard.

The Court finds they have. The complaint alleges that the "Farm Bureau entities", that is, each of the Defendants, shared control of the pay structure of the Plaintiffs. Am. Compl. [Docket No. 10] ¶¶ 37, 48. Plaintiffs allege that all Defendants shared the ability to hire, fire, and supervise, the agents. *Id.* ¶ 49. They allege that their supervisors, who worked under a single "Mississippi Farm Bureau" moniker, managed them on all insurance lines sold by each of the Defendants. *Id.* ¶ 42. Plaintiffs also allege that the Defendants exercised significant control over day to day work of the Plaintiffs, such as controlling all advertising and promotion, requiring Plaintiffs to attend meetings and training sessions, imposing dress codes, monitoring work and vacations schedules, and controlling computer usage. *Id.* ¶¶ 97–99, 108–111, 126. Finally, Plaintiffs allege a long-term relationship with the entities; no Plaintiff was associated with Farm Bureau for less than a year and a half. *Id.* ¶ 39. These facts plausibly suggest that each of the Defendants employed Plaintiffs.

The Court does not find that Plaintiffs' use of the single "Farm Bureau" moniker makes their pleadings inadequate. As Plaintiffs point out, "Farm Bureau" was meant to stand in for naming each Defendant individually. Nor does the Court find that Plaintiffs must specifically plead the measure of control each Defendant asserted over Plaintiffs vis-à-vis the other Defendants. That requires more specificity than necessary under the 12(b)(6) standard. Further, that requirement would be especially unworkable here, where Plaintiffs' allege that all three Defendants equally shared control over the Plaintiffs through the same management individuals. Plaintiffs' claims of employment are well-plead whether they listed the names individually or not.

6

## II. Joint Employment

Next, the Court considers whether the complaint sufficiently alleges the Defendants were joint employers. Department of Labor regulations concerning joint employment state that:

> Where the employee performs work which simultaneously benefits two or more employers, or works for two or more employers at different times during the workweek, a joint employment relationship generally will be considered to exist in situations such as:
>> (1) Where there is an arrangement between the employers to share the employee's services, as, for example, to interchange employees; or
>>
>> (2) Where one employer is acting directly or indirectly in the interest of the other employer (or employers) in relation to the employee; or
>>
>> (3) Where the employers are not completely disassociated with respect to the employment of a particular employee and may be deemed to share control of the employee, directly or indirectly, by reason of the fact that one employer controls, is controlled by, or is under common control with the other employer

29 C.F.R. § 791.2(b).

Horizontal joint employment "exists where the employee has employment relationships with two or more employers and the employers are sufficiently associated or related with respect to the employee such that they jointly employ the employee" *Joaquin* 2016 WL 3906820, at *7. The inquiry "focuses on the relationship of the employers to each other." *Id.*

Plaintiffs allege that Defendants share the ability to control and supervise the Plaintiffs, to determine their compensation, and to hire and fire them. Am. Compl. ¶ 35, 37–38. The complaint further alleges that all three entities share common management, share advertising marks and branding, and utilize the same agency force to sell each company's insurance policies. *Id.* ¶¶ 29–33. The complaint sufficiently alleges facts showing that Defendants jointly employed Plaintiffs.

## III. Hours Worked

Finally, the Court must determine whether Plaintiffs have alleged they worked more than 40 hours a week for the Defendants. Because the complaint sufficiently alleges they are joint employers, Plaintiffs' work for all three Defendants is considered "one employment" and the Court must aggregate the hours worked for each Defendant in a given week. *See* 29 C.F.R. § 791.2(a); *Wirtz*, 368 F.2d at 141.

Plaintiffs allege that they were "nonexempt employees" who "frequently and routinely worked over 40 hours per week", that Defendants knew they were required to pay them overtime pay, and that Defendant failed to do so. Am. Compl. ¶¶ 12–19, 66, 102–103. Defendants argue that these allegations are conclusory and a simple rephrasing of a FLSA claim's elements and therefore do not sufficiently allege factual allegations to support the claim.

While the Fifth Circuit has not yet addressed the level of detail a plaintiff must provide in a FLSA over time claim, other federal courts in this state have held that a plaintiff must plead that "(1) that she worked overtime hours without compensation; and (2) that the employer knew or should have known that she worked overtime but failed to compensate her for it." *Edwards v. Minact Logistical Servs.*, No. 3:17CV909-HSO-LRA, 2018 WL 3027252, at *2 (S.D. Miss. June 18, 2018) (citing *Haymon v. City of Jackson*, No. 3:12CV325-DPJ-FKB, 2012 WL 6626645, at *2 (S.D. Miss. Dec. 19, 2012)). These courts have held that the type of allegations made by Plaintiffs here are not legal conclusions but factual allegations. *Haymon*, 2012 WL 6626645 *2 (citing *Hoffman v. Cemex, Inc.*, Civil Action No. H–09–3144, 2009 WL 4825224, at *3–4 (S.D. Tex. Dec. 8, 2009)). Plaintiffs meet their burden by pleading that they each worked over 40 hours a week for the Defendants, who jointly employed them, that Defendants knew they were required to pay Plaintiffs overtime pay, and that Defendants did not do so. This is sufficient to state a claim for relief. *See, e.g., Hoffman*, 2009 WL 4825224, at * 3 (holding that plaintiffs met pleading standard

by alleging "they were classified as nonexempt, that they regularly worked more than 40 hours per workweek, and that they were not paid time-and-a-half for those overtime hours.")

## Conclusion

Plaintiffs have plead facts that sufficiently allege that they are employed by each Defendant, that they were employed jointly each Defendant, and that they worked overtime hours without overtime pay. Therefore, they have stated a claim for relief for their FLSA claims. Plaintiffs concede that their FICA claims should be dismissed. Accordingly, Defendants' motions are granted in part and denied in part.

A separate order shall issue.

This the 11 day of September, 2018.

SENIOR U.S. DISTRICT JUDGE