**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**MEGAN BRITT BRETT HAWKINS, STEVE HARBOUR,
JASON NORMAN, BRIAN MILEY, CLINT BUCKLEY,
JASON BAKER, and CHRIS CARNEY, individually,
and on behalf of all others similarly situated**            **PLAINTIFFS**

**v.**                        **Civil Action No.: 1:18-cv-38-GHD-DAS**

**MISSISSIPPI FARM BUREAU CASUALTY
INSURANCE COMPANY; SOUTHERN FARM
BUREAU LIFE INSURANCE COMPANY; and
SOUTHERN FARM BUREAU CASUALTY
INSURANCE COMPANY**                      **DEFENDANTS**

## ORDER DENYING MOTION TO BIFURCATE

Before the Court is Plaintiffs' [67] Motion to Bifurcate. Plaintiffs ask this Court to bifurcate the discovery phase of this case. Under Plaintiffs' proposal, phase one of discovery would be limited to issues involving classification. Following the Court's ruling on classification, the case would proceed, if necessary, to phase two, which would include all other issues. Plaintiffs assert the classification issue is separate and distinct from all others and that bifurcated discovery saves the parties time and money and conserves judicial resources.

Defendants argue bifurcation prevents them from seeking early disposition based on claimed FLSA exemptions, which would be relegated to phase two under Plaintiffs' proposal. Thus, Defendants claim bifurcation may be the more expensive option.

In short, the parties dispute which case management proposal best conserves the parties' and the Court's resources. Trial courts are afforded "broad discretion" in "balancing the interests of both sides while looking for a discovery plan that reasonably

fits the particular demands of the case." *Winkler v. Sunbelt Rentals, Inc.*, 2014 WL 12596498, *4 (N.D. Tex. July 10, 2014).

At first blush, Plaintiffs' proposal seems logical. A determination that Plaintiffs are independent contractors would terminate this case. An early resolution of that question would serve judicial economy. However, that question is not as separate and distinct as it appears. A determination that the Plaintiffs were exempt—by engaging in outside sales, for instance—likewise terminates the case. Such a determination does not depend on whether Plaintiffs are classified as employees. *See Chenensky v. New York Life Ins. Co.*, 2009 WL 4975237, *7 (S.D. N.Y. Dec. 22, 2009) (granting summary judgment based on outside sales exemption without determining employment status); *Taylor v. Waddell & Reed, Inc.*, 2012 WL 10669, *5 (S.D. Cal. Jan. 3, 2012) ("Because they are exempt, Plaintiffs' FLSA claims fail as a matter of law, regardless of whether [Plaintiffs] are considered employees or independent contractors."). Moreover, exemptions may directly tie to classification, "for if [the proposed class] definition includes both exempt and nonexempt employees, then the members of the putative class cannot be similarly situated." *Blake v. Hewlett-Packard Co.*, 2013 WL 3753965, *11 (S.D. Tex. July 11, 2013).

IT IS, THEREFORE, ORDERED that Plaintiffs' Motion to Bifurcate is DENIED. A new case management conference will be set by separate notice. The parties shall submit a new proposed case management order one week prior to the case management conference.

SO ORDERED, this the 18th day of December, 2018.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE