UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

MEGAN BRITT, *et al.*                                          PLAINTIFFS

v.                                             Civil No. 1:18-cv-00038-GHD-DAS

MISSISSIPPI FARM BUREAU CASUALTY
INSURANCE COMPANY, *et al.*                                    DEFENDANTS

## MEMORANDUM OPINION

The Court has before it Plaintiffs' motion to certify a collective action under the Fair Labor Standards Act, Doc, 63, and Defendants' motion to modify the proposed notice and notice plan, Doc. 79. Having considered the matter, the Court finds that the motion to certify class should be granted in part, and the motion to strike should be granted in part and denied in part.

Plaintiffs are current and former insurance agents who sold insurance policies for Defendants. Plaintiffs contend that despite being nominally considered independent contractors, Defendants exerted a level of control over them to make them employees, that they worked in excess of 40 hours a week, and that Defendants did not pay them overtime.

Plaintiffs seek to certify a collective action pursuant to 29 U.S.C. § 216(b), and ask this Court to order Defendants to provide Plaintiffs with the contact information of potential class members. Further, Plaintiffs ask the Court to authorize them to provide the proposed notice and reminder notice attached to their motion to potential class members.

Defendants object to certification of the putative class. Additionally, Defendants object to the proposed notice and notice plan submitted by the Plaintiffs.

### Section 216(b) Certification Standard

The Fair Labor Standards Act (FLSA) requires that employers pay employees who work more than 40 hours a week with overtime pay on those excess hours, unless the statute exempts those employees. 29 U.S.C § 207(a). Section 216(b) of the Act provides that an

1

employee not paid such wages may bring an action for himself and any "other employees similarly situated" who join the action by providing written consent. *Id.* § 216(b).

Courts within this circuit utilize the *Lusardi* approach to determine certification under FLSA. *See Johnson v. Big Lots Stores, Inc.*, No. CIV.A.04-3201, 2007 WL 5200224, at *3 (E.D. La. Aug. 21, 2007) (collecting cases); *Brown v. United Furniture Indus., Inc.*, No. 1:13-CV-00246-SA-DAS, 2015 WL 1457265, at *6 (N.D. Miss. Mar. 30, 2015). Although Defendants urge this Court to apply a Rule 23-style analysis, that other district courts have used, *see Shushan v. Univ. of Colo. at Boulder*, 132 F.R.D. 263 (D. Colo. 1990), the Supreme Court has noted that that "Rule 23 actions are fundamentally different from collective actions under the FLSA." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 74, 133 S. Ct. 1523, 1529, 185 L. Ed. 2d 636 (2013). The Fifth Circuit has specifically declined to endorse one approach as correct, *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1216 (5th Cir. 1995) *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 ,123 S. Ct. 2148, 156 L.Ed. 2d 84 (2003), but in light of the Supreme Court's statement, as well as the uniform use of the *Lusardi* approach amongst district courts in this circuit, the Court finds the *Lusardi* approach correct in this instance. *Johnson*, 2007 WL 5200224, at *3 ("Since *Mooney* district courts in the Fifth Circuit have uniformly used [the *Lusardi* approach] to determine whether a collective action should be certified under the FLSA.")

The *Lusardi* approach proceeds in two stages: the "notice stage" and the "decertification stage." *Dyson v. Stuart Petroleum Testers, Inc.*, 308 F.R.D. 510, 512 (W.D. Tex. 2015) (citing *Mooney*, 54 F.3d at 1216). In the notice stage, the court "determines whether the putative class members' claims are sufficiently similar to merit sending notice of the action to possible members of the class." *Acevedo v. Alsup's Convenience Stores, Inc.*, 600 F.3d 516, 519 (5th Cir. 2010). Because this stage "typically occurs early in the litigation[,] the Court's review is usually based on the pleadings and any attached affidavits[,] and 'the determination is made using [a] fairly lenient standard." *Brown*, 2015 WL 1457265, at *4 (quoting *Mooney*, 54 F.3d at 1214). "If the court finds that the putative class members are

2

similarly situated, then conditional certification is warranted and the plaintiff will be given the opportunity to send notice to potential class members," and discovery is then conducted. *Dyson*, 308 F.R.D. at 512. After discovery, the defendant may move for decertification, "at which time the Court conducts a more factually intensive inquiry into the similarly situated question to determine whether the suit may proceed as an FLSA collective action. *Brown*, 2015 WL 1457265, at *4 (citing *White v. NTC Trnasp., Inc.*, 2013 WL 5874566, at *1–2 (N.D. Miss. Oct. 31, 2013)). This case has not yet proceeded to discovery, and so the Court conducts the notice stage inquiry.

Conditional certification is appropriate where there are "substantial allegations that the putative class members were together victims of a single decision, policy, or plan . . . ." *Mooney*, 54 F.3d at 1214 n.8 (internal quotations omitted). "[T]his determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class." *Id.* The question is whether "based on the pleadings and attached affidavits, Plaintiffs have made a *preliminary* showing that the proposed class members are similarly situated" *Brown*, 2015 WL 1457264, at *6 (citing *Mooney*, 54 F.3d at 1214) (emphasis in *Brown*). "Relevant factors to guide the Court are 'whether potential plaintiffs were identified, whether affidavits of potential plaintiffs were submitted, and whether evidence of a widespread plan was submitted.'" *White*, 2013 WL 5874566, at *1 (N.D. Miss. Oct. 31, 2013) (quoting *Songer v. Dillon Resources, Inc.*, 569 F.Supp.2d 703, 707 (N.D. Tex. 2008)).

## Analysis

### 1. Certification of Putative Class

Plaintiffs initially defined the putative class as follows:

> All individuals who, through a contract or agreement with Mississippi Farm Bureau Casualty Insurance Company, Southern Farm Bureau Life Insurance Company and/or Southern Farm Bureau Casualty Insurance Company, perform or performed as insurance agents for and who were classified on paper by Mississippi Farm Bureau Casualty

3

> Insurance Company, Southern Farm Bureau Life Insurance Company and/or Southern Farm Bureau Casualty Insurance Company as "independent contractors" anywhere in the State of Mississippi at any time from the date that is three years preceding the commencement of this action through the close of the Court-determined opt-in period and who file a consent to join in this action pursuant to 29 U.S.C. § 216(b);

Through briefing, Plaintiffs voluntarily refined the class definition to be:

> All individuals who, through a contract or agreement with Mississippi Farm Bureau Casualty Insurance Company, Southern Farm Bureau Life Insurance Company and/or Southern Farm Bureau Casualty Insurance Company, perform or performed as insurance agents for each of them or any of them anywhere in the State of Mississippi and who were classified on paper by each of them or any of them as "independent contractors" and who work or worked in excess of forty (40) hours during any work-week at any time from the date that is three years preceding the commencement of this action through the close of the Court-determined opt-in period and who file a consent to join in this action pursuant to 29 U.S.C. § 216(b).

Defendants oppose certification on the grounds that members of this putative class would not be similarly situated. But under the lenient notice-stage standard, Plaintiffs have made the preliminary showing necessary for conditional certification. The complaint contains numerous allegations of policies showing an employment relationship between Defendants and its agents. In addition to their own affidavits, the named Plaintiffs have provided an additional four affidavits from other agents, asserting that they were treated as employees and worked overtime hours without pay. *See* Affidavits, Docs. 63-1 through 63-12.

Defendants assert that the Court should disregard Plaintiffs' affidavits because they are largely identical. Courts in this district have previously discounted that argument, noting the low burden on plaintiffs at the notice stage. *See Burke v. Mgmt. & Training Corp.*, No. 3:16-CV-00152-NBB, 2017 WL 3166840, at *3 (N.D. Miss. July 25, 2017) ("To be sure, if the court required more proof at this stage, it would be overlooking the purpose behind the two-stage inquiry.") (internal quotations omitted).

The Defendants attach their own affidavits to assert that the Plaintiffs are not similarly situated. In each, the affiants contradict Plaintiffs' factual assertions that Defendants controlled them to the extent to render them "employees" rather than "independent contractors. *See* Affidavits, Doc. 76-1 through Doc. 76-10. But, "it is not the Court's function to resolve these factual disputes at notice stage," even if the plaintiff's allegations are "substantially contradicted by Defendants' own affidavits." *Brown*, 2015 WL 1457265, at *6 n.5.

Defendants further argue that each potential class member's employment status, and any applicable defenses, must be analyzed individually, meaning that the putative class members are not similarly situated. Although Defendants cite several cases on this point, none are persuasive. In one, the court noted that plaintiffs were making dissimilar claims. *See Harris v. FFE Transp. Servs., Inc.*, 2006 WL 1994586, at *4 (N.D. Tex. May 15, 2006) (some plaintiffs asserted that they were misclassified as exempt, and other asserted that defendants did not pay them for hours actually worked). In another case, the court was considering a decertification motion, with its attendant higher standards. *See Lipnicki v. Meritage Homes Corp., No. 3:10-CV-605, 2014 WL 5620603*, at *2 (S.D. Tex. Nov. 4, 2014). Still, in three more, the parties had conducted a large amount of pre-certification discovery, and so the court proceeded directly to the second-stage analysis. *Odem v. Centex Homes*, No. CIV.A.3:08CV1196-L, 2010 WL 424216, at *3 (N.D. Tex. Feb. 4, 2010) ("At this stage, the court generally has much more information upon which to base its decision than it has at the notice stage, and as a result, employs a stricter standard"); *Blake v. Hewlett-Packard Co.*, No. 4:11-CV-592, 2013 WL 3753965, at *5 (S.D. Tex. July 11, 2013) ("In other words, because Plaintiffs have been allowed the opportunity to gather more than just 'minimal evidence,' they are required to support their motion with more than minimal evidence. *Pfohl v. Farmers Ins. Grp.*, No. CV03-3080 DT (RCX), 2004 WL 554834, at *3 (C.D. Cal. Mar. 1, 2004) ("In this case, the parties do not dispute that discovery has been undertaken relating to the issues of certification of this action as a

collective action. As such, the Court can proceed to the second determination discussed above and weigh relevant factors to determine whether the plaintiffs are similarly situated.")

Here, the Plaintiffs each make an identical claim: That although Defendants called all of its agents "independent contractors," Defendants maintained practices concerning its management of its agent force that effectively treated them like "employees," that they all worked in excess of 40 hours a week, and that Defendants did not pay them overtime. "[A]llegations alone are sufficient to satisfy the fairly lenient conditional certification standard." *Martinez v. Tri-State Enterprises LLC*, No. 3:16-CV-00032-MPM, 2016 WL 8808666, at *3 (N.D. Miss. Oct. 13, 2016). The Plaintiffs allege that Defendants treated all of its contracted insurance agents similarly. That is sufficient for conditional certification. *See White v. NTC Transp., Inc.*, 2013 WL 5874566, at *4 (denying motion to decertify class even under the rigorous decertification standard because "[t]hough the effect of Defendants' alleged policies may have differed with regard to individual Plaintiffs, the policies themselves did not vary.").

Finally, Defendants oppose the proposed class definition on the grounds that it does not limit the definitions to agents who worked more than 40 hours a week or to agents who considered themselves to be employees. With respect to the first objection, Plaintiffs agreed to modify the class definition as stated above to include a limitation to those agents who worked more than 40 hours a week.

With respect to the second objection, however, Defendants have not shown that limiting the class definition to only agents who subjectively considered themselves employees is appropriate. It is not the "label" that each party attaches to relationship that is determinative. *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 729, 67 S. Ct. 1473, 1476, 91 L. Ed. 1772 (1947). Instead, employment status is determined by the "economic reality" of the relationship between the two. *Watson v. Graves*, 909 F.2d 1549, 1553 (5th Cir. 1990). In other words, even if an agent believed themselves to be an independent contractor,

Defendants would still be liable for any FLSA violations if the facts establish the agent was actually an employee.

Finally, the Defendants argue that the relevant period is not the three years prior to filing suit but the three years before the date the Court approves the notice.

"Courts within the Fifth Circuit have repeatedly recognized that 'based on the statute of limitations . . . class certification is appropriately limited to workers employed by the defendant up to three years before notice is approved by the court.'" *Tolentino v. C & J Spec-Rent Servs. Inc.*, 716 F. Supp. 2d 642, 654 (S.D. Tex. 2010). This is because the FLSA's limitations period for not tolled for opt-in plaintiffs until they opt-in to the case. *Quintanilla v. A & R Demolitina, Inc.*, No. CIV.A. H-04-1965, 2005 WL 2095104, at *16 (S.D. Tex. Aug. 30, 2005). Defendants' objection is granted, and the applicable class period shall be limited to three years prior to the entry of the Court's order approving Plaintiff's notice.

Accordingly, the Court approves the modified class definition:

> All individuals who, through a contract or agreement with Mississippi Farm Bureau Casualty Insurance Company, Southern Farm Bureau Life Insurance Company and/or Southern Farm Bureau Casualty Insurance Company, perform or performed as insurance agents for each of them or any of them anywhere in the State of Mississippi and who were classified on paper by each of them or any of them as "independent contractors" and who work or worked in excess of forty (40) hours during any work-week at any time from the date that is three years preceding [the Court's final order approving Plaintiff's notice] through the close of the Court-determined opt-in period and who file a consent to join in this action pursuant to 29 U.S.C. § 216(b).

**2. Notice to Potential Plaintiffs**

In addition to opposing conditional certification of the class, the Defendants also oppose certain provisions of the notice and notice plan proposed by Plaintiffs.

*a. Potential Plaintiff's Contact Information*

Plaintiffs ask for an order directing Defendants to provide them with a list of names, last known mailing addresses, last known telephone numbers, email address, agent or employee numbers, last four digits of their social security numbers, work locations, and dates of employment for all potential plaintiffs. Defendants object to providing Plaintiffs with telephone numbers and the last four digits of social security numbers.

Plaintiffs agree to withdraw their requests for social security numbers. Accordingly, Defendants need not provide Plaintiffs with them.

The district courts of the Fifth Circuit are divided on whether telephone numbers should be provided as matter of course to plaintiffs in collective actions. Some courts deny such requests when there is no evidence that last known address would be insufficient for notice. *See e.g., Heeg v. Adams Harris, Inc.*, 907 F. Supp. 2d 856, 865 (S.D. Tex. 2012) (permitting plaintiffs' request for telephone numbers only if mailed notices were returned as undeliverable.); *Behnken v. Luminant Min. Co., LLC*, 997 F. Supp. 2d 511, 526 (N.D. Tex. 2014) (denying FLSA plaintiffs' request for telephone numbers because the need for the numbers did not outweigh potential plaintiffs' privacy interests.) Other courts "routinely approve such requests" and deny them "only when [the] defendant makes a showing that such measures are not likely to facilitate notice." *See, e.g., Jones v. Cretic Energy Servs., LLC*, 149 F. Supp. 3d 761, 776 (S.D. Tex. 2015).

The courts in this district have, in the past, approved such requests, especially when defendants have not established that providing such information was unduly burdensome or unnecessary. *Burke* 2017 WL 3166840, at *4; *Bryant v. United Furniture Indus., Inc.*, No. 1:13-CV-00246-SA-DAS, 2015 WL 13016252, at *1 (N.D. Miss. May 8, 2015). Since Defendants have not established that providing telephone numbers would be burdensome, the Court finds their objection without merit.

Defendants lastly contend that the telephone calls to its current agents is "problematic" because there is no way for the Court or Defendants to monitor such calls. They assert that

8

any such calls should adhere to a Court-approved script. A district court in Texas was not persuaded by this concern when "Defendants' have already unilaterally contacted dozens of potential class members about this litigation." *Ferguson v. Texas Farm Bureau Bus. Corp.*, No. 6:17-CV-111-RP, 2018 WL 1392704, at *3 (W.D. Tex. Mar. 20, 2018). That reasoning holds here. Defendants have already solicited affidavits from several potential opt-in plaintiffs. Because Defendants maintain ongoing business relationships (be they independent contractors or not) with many putative class members, the Court is likewise unable to monitor the numerous communications Defendants will have with opt-in plaintiffs. Nonetheless, the Court admonishes Plaintiffs to utilize telephone numbers only to facilitate delivery of the Court approved notice and for no other purpose.

*b. Reminder Notice*

Defendants also object to Plaintiffs sending a proposed reminder notice to opt-in plaintiffs on the basis that it is unnecessary. Generally, district courts permit reminder notices when the Defendant does not object. *See, e.g., Birdie v. Brandi's Hope Cmty. Servs., LLC*, No. 5:17-CV-21-DCB-MTP, 2017 WL 2588089, at *4 (S.D. Miss. June 14, 2017) (permitting reminder notices where defendants to not object). However, when a defendant does object, courts disallow such notices unless the plaintiffs show that they are necessary to facilitate notice. *See, e.g., Jones v. Cretic Energy Servs., LLC*, 149 F. Supp. 3d 761, 776 (S.D. Tex. 2015) (permitting reminder notices where evidence showed opt-in plaintiffs worked at remote locations for extended periods of time; *Santinac v. Worldwide Labor Support of Illinois, Inc.*, 107 F. Supp. 3d 610, 619 (S.D. Miss. 2015) (disallowing reminder notices where plaintiff had not shown they were necessary).

Here, Plaintiffs have not yet shown that such reminder notices are necessary to facilitate notice. This is especially so since Plaintiffs intend to send both mail and email initial notices and to utilize telephone numbers to verify the opt-in plaintiffs addresses. Accordingly, Defendants objection is sustained and Plaintiffs reminder notice is disapproved

without prejudice to their ability to later request reminder notices be sent, should a compelling reason to do so arise.

c. *Content of Notice*

Defendants further make several objections to the content of the proposed notice. In addition to specific objections made in their motion, Defendants also attached to a memorandum brief a red-lined copy of the proposed notice with additional changes. *See* Doc. 97-1.

The FLSA requires that notice to opt-in plaintiffs must be "accurate and timely", and that it give "potential class members the chance to make informed decisions about whether to participate." *Birdie*, 2017 WL 2588089, at *4 (citing *Littlefield v. Dealer Warranty Servs., LLC*, 679 F. Supp. 2d 1014, 1018 (E.D. Mo. 2010). "[T]he general rule is that absent reasonable objections to plaintiffs' proposed class notice, the plaintiffs should be allowed to use the language of their choice in drafting the notice." *Vargas v. Richardson Trident Co.*, 2010 WL 730155, *11 (S.D. Tex. Feb. 22, 2010).

The Court does not treat Defendants red-lined proposed notice as a reasonable objection. Although it incorporates many of the objections contained in Defendants' motion and briefs, Defendants provide no reason why other changes are necessary. The Court will thus only consider the specific objections to the content of the notice made by Defendants in their motion and briefing.

The Court notes that one necessary change is readily apparent. First, the notice contains language stating "FLSA AND FICA OPT-IN CLASS ACTION". The Court previously dismissed Plaintiffs' FICA claims. Any reference to FICA are stricken.

**Description of Defendants' claims**

Defendants first object to the single line description of their defense. They request that a fuller description be included as follows:

> Farm Bureau vigorously denies Plaintiffs' allegations and believes that the Plaintiffs' claims lack merit. Farm Bureau maintains that

10

> Plaintiffs and other insurance agents who entered into independent contractor agreements with Farm Bureau were properly classified as independent contractors and properly compensated. Farm Bureau additionally disputes liability because, even if Plaintiffs and other insurance agents were held to be employees instead of independent contractors (which Farm Bureau denies), Plaintiffs and other agents would still not be owed any overtime because they worked less than 40 hours per week and/or are exempt from overtime under the outside sales exemption and other exemptions in the FLSA.

The proposed notice should contain a statement of Defendant's basis for disputing liability. *See e.g., Yaklin v. W-H Energy Servs., Inc.*, 2009 WL 1989795, at *4 (S.D. Tex. May 2, 2008). Accordingly, Defendants' objection to the one-line description of their defenses is sustained. The Court orders that said description is replaced with Defendant's proposed language.

**Informing opt-in plaintiffs of potential court costs**

Defendants next object that the proposed notice fails to advise potential plaintiffs that taxable costs may be awarded against them in the event a judgment is entered in favor of Defendants.

District courts within this circuit are split on whether the language concerning the award of costs is required in notices. *Compare Ratliff v. Pason Sys. USA Corp.*, 196 F. Supp. 3d 699, 701 (S.D. Tex. 2016) (striking language concerning court costs from proposed notice on grounds that it would chill participation in collective action) *with Miles v. Illini State Trucking Co.*, No. 3:16-CV-0778-D, 2017 WL 86142, at *5 (N.D. Tex. Jan. 10, 2017) (finding language concerning court costs necessary to allow opt-in plaintiffs to make informed decision about joining suit).

One other court in this district has approved including language informing opt-in plaintiffs that they may be required to participate in discovery, on the grounds that such language was necessary to advise "potential plaintiffs of the possible legal consequences should they choose to opt in." *Burke*, 2017 WL 3166840, at *5. The Court agrees that informing potential plaintiffs of these costs is necessary so that opt-in plaintiffs are well informed, but

finds that language informing plaintiffs that such costs would be shared among class members is appropriate. *See Behnken*, 997 F. Supp. 2d at 524 (approving language informing potential plaintiffs of court costs but also including language stating that costs would be spread among members of the class.) Accordingly, the Court orders that the following language be inserted in the notice: "You may be required to pay your proportional share of taxable court costs if the plaintiffs receive an unfavorable decision."

**Notice of attorney's fees**

Defendants next object to the language concerning attorneys' fees, which originally stated that: "You will not be required to pay attorneys' fees directly." Plaintiffs, in their briefing, proposed alternative language stating:

> In an event that a trial on the merits results in a judgment for Farm Bureau, you will not be required to pay any attorney's fees. In the event of a settlement with Farm Bureau or in the event that a trial on the merits results in a judgment against Farm Bureau, you will not be required to pays attorneys' fees directly. However, in either of those events, you will be required to pay a pro-rata share of attorneys' fees from your recovery or settlement proceeds.

Defendants still object to this proposed revision on the grounds that it misleads potential plaintiffs into believing that Defendants can prevail only at a trial on the merits, rather than at other stages of the case, including decertification and summary judgment. The Court agrees. Accordingly, the Court orders that the first sentence of the above language be modified to state that: "In the event that Farm Bureau prevails in this action, there will be no recovery, and you will not be required to pay any attorneys' fees."

**Notice that plaintiffs have a right to choose their own counsel**

Defendants first objected to the proposed notice on the grounds that it did not inform opt-in plaintiffs that they could have their own attorney represent them. In response, Plaintiffs proposed the following language:

> The Court has not yet determined whether Farm Bureau has done anything wrong and has not yet decided whether this case will proceed to trial. There is no money available now and no guarantees that there

will be money available later. However, you have a choice to assert your legal rights in this case and, if you choose to do so, to receive legal representation from Plaintiffs' attorneys. If do you not wish to opt-in to this lawsuit and to receive legal representation in this lawsuit from Plaintiffs' attorneys, you still have the legal right to retain attorneys of your choice to bring a separate lawsuit against Farm Bureau (within the three-year statute of limitations period) for alleged unpaid overtime. If you do not opt-in to this lawsuit, you will not share in any money or benefits which may be offered or awarded in this lawsuit.

Defendants still oppose this language, asserting that opt-in plaintiffs must also be informed of their right to have another attorney represent them in this case. The Court finds the cases Defendants cite in support of this point unpersuasive. In two cases, the plaintiffs did not oppose the defendants' requests that such language be included. *See Miles,* 2017 WL 86142, at *5 (N.D. Tex. Jan. 10, 2017); *Santinac v. Worldwide Labor Support of Illinois, Inc.,* 107 F. Supp. 3d 610, 618 (S.D. Miss. 2015). In others, the court-approved language indicated that plaintiffs could choose their own counsel to represent them in a separate action, not in the same collective action. *See, e.g. Kilmon v. Saulsbury Indus., Inc.,* No. MO:17-CV-00099-RAJ, 2017 WL 7052328, at *4 (W.D. Tex. Dec. 13, 2017) (notice must inform potential plaintiffs of their right to obtain their own counsel and "pursue their rights independently of the class.")

"Opt-in plaintiffs are bound by the acts of class counsel where all potential collective action members are notified of their right to individually or collectively file a separate action." *Reyes v. Quality Logging, Inc.,* 52 F. Supp. 3d 849, 853 (S.D. Tex. 2014). The Court finds that Plaintiffs' modified language accurately advises opt-in plaintiffs that they may opt-in to this action and be represented by Plaintiffs' class counsel or that they may hire their own attorney and pursue their rights separately. Defendants objection is overruled.

**Defense counsel's contact information**

Defendants next request that defense counsel's contact information should also be included to ensure fairness and neutrality.

Listing defense counsel's information raises "'ethical concerns about post-certification communication between defense counsel and class members, . . . risks violation of ethical rules and inadvertent inquiries,' and leads to 'needless confusion'" *Burke*, 2017 WL 3166840, at *6. Accordingly, Defendants request is denied.

**Language suggesting Court approval of the merits**

Defendants object that certain language in the notice suggests that the Court has approved the merits of the case.

The Supreme Court has instructed courts to avoid "even the appearance of judicial endorsement of the merits of the action." *Hoffman-La Roche, Inc., v. Sperling*, 493 U.S. 165, 174, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1989).

Defendants first object to language stating that "this Fair Labor Standards ["FLSA"] collective action affects you." CITE. The Court finds that Defendants first objection is without merit, and is overruled. The phrase accurately informs potential plaintiffs that they may be members of the class and additional language within the notice adequately informs potential plaintiffs that the Court has made no ruling on the merits of this case.

Next, Defendants object to the title of the notice, which states: "This is a Court-Approved and Authorized Class Notice, not a Solicitation from a Lawyer. The Court Has Made No Findings as to the Merits of the Case at this Time." Defendants argue this language is misleading because it implies that Court has found Plaintiffs' claims meritorious. The Court finds the language within the title to improperly suggest that the Court's approval of the merits, and sustains this objection. Accordingly, the Court strikes the title and replaces it with: "Notice of Fair Labor and Standards Act Collective Action".

### d. Return of the Consent Forms

Defendants object to the proposal that opt-in plaintiffs' consent forms be sent to plaintiffs' counsel rather than returned to the court directly. Plaintiffs do not oppose this objection, but request specific instructions on how they should obtain the forms once returned.

14

Courts within this district have not uniformly required consent forms be returned directly to the Clerk of the Court. *Compare Burke*, 2017 WL 3166840, at *5 (requiring consent forms to be returned directly to the Clerk of the Court) *with Martinez*, 2016 WL 8808666, at *3 (directing potential class members to return consent forms to plaintiffs' counsel)

Because Plaintiffs do not object that the forms be returned to the Clerk, the Court sustains Defendants' objections. The notice should provide that consent forms are to be mailed to the Clerk of the Court, who shall file them in the docket of this case.

*e. Opt-In Period*

Plaintiffs request a 90-day opt-in period. Defendants object and assert a period of 60 days is proper.

An opt-in period of 60 days is the default in this Circuit. *Burke*, 2017 WL 3166850, at *5. Courts generally approve larger opt-in periods only when "potential plaintiffs are difficult to contact because of their locations or other extenuating factors warrant additional time." *McCloud v. McClinton Energy Grp., L.L.C.*, No. 7:14–cv–120, 2015 WL 737024, at *10 (W.D.Tex. Feb. 20, 2015) (collecting cases). Plaintiffs have provided no reason why 60 days is insufficient. The Court sets the opt-in period at 60 days from the date that notice is mailed.

*f. Meet and Confer*

Finally, Defendants request that the Court order the parties to meet and confer on a proposed notice agreement and notice plan. Having already resolved Defendants' objections to the proposed notice, the Court finds such relief unwarranted.

## Conclusion

For these reasons the Court finds that Plaintiffs have met their burden of showing that conditional certification is proper at this time. Accordingly, their motion to certify class is granted in part. The Court further finds some of Defendants objections to the proposed

notice are well-taken. Accordingly, Defendants' motion is granted in part and denied in part. Plaintiffs shall file a revised notice and consent form incorporating the rulings contained in this opinion for the Court's final approval.

An order in accordance with this opinion shall issue.

This the 26th day of February, 2019.

/s/ Glen H. Davidson
SENIOR U.S. DISTRICT JUDGE