IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

MEGAN BRITT, BRETT HAWKINS,
STEVE HARBOUR, JASON NORMAN,
BRIAN MILEY, CLINT BUCKLEY, and
JASON BAKER, individually and on behalf
of others similarly situated                                                PLAINTIFFS

VS.                                                      CIVIL ACTION NO. 1:18-CV-38-GHD-DAS

MISSISSIPPI FARM BUREAU CASUALTY
INSURANCE COMPANY, SOUTHERN
FARM BUREAU LIFE INSURANCE
COMPANY, and SOUTHERN FARM BUREAU
CASUALTY INSURANCE COMPANY                                                  DEFENDANTS

## ORDER GRANTING DEFENDANTS' JOINT MOTION TO STRIKE OPT-IN CONSENT OF WAYNE WESTBROOK

Presently before the Court is the Defendants' joint motion [219] to strike Wayne Westbrook's opt-in consent to join this action [198] as untimely. Neither Westbrook nor the Plaintiff class has responded to the motion. Upon due consideration and for good cause shown, the court finds that the motion should granted.

On February 26, 2019, the Court entered an Opinion [109] granting conditional certification in this opt-in Fair Labor Standards Act action. In that Opinion, the Court established the deadline for putative plaintiffs to opt-in to the action as 60 days from the date the Court approved notice to be published; a subsequent Order set the formal deadline as May 25, 2019 [126]. Wayne Westbrook's consent to join this action was then filed by the Plaintiffs on October 15, 2019, nearly five months after the deadline expired; Westbrook had signed the notice on October 14, 2019 [198]. Neither the Plaintiffs nor Westbrook have offered any explanation for the late submission, nor did they or he ever seek permission from the Court for leave of court to submit the tardy notice. Likewise, neither the Plaintiffs nor Westbrook have responded to the

instant motion. A total of seven named Plaintiffs and an additional nine opt-in Plaintiffs are members of the opt-in class.

The United States Supreme Court, in *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 172 (1989), held that district courts are "bound" to set a cutoff date for the filing of consents in opt-in FLSA actions so that such actions may "proceed in diligent fashion." When faced with tardy consent forms, courts look to factors such as whether good cause exists for the late submission and how long after the deadline expired the consent form was filed. See, e.g., *Wellman v. Grand Isle Shipyard, Inc.*, No. 14-831, 2015 WL 2169786, at *5 (E.D. La. May 8, 2015).

Here, neither the Plaintiffs nor Westbrook have offered any evidence whatsoever that good cause may exist for Westbrook's tardy consent form. In addition, the length of time between the expiration of the May 25, 2019, filing deadline and Westbrook's consent, nearly five months, is excessive. Federal courts routinely dismiss untimely consent forms in this situation. See, e.g., *Ferguson v. Texas Farm Bureau*, No. 6:17-CV-111, 2019 WL 6609696, at *3 (W.D. Tex. Dec. 5, 2019).

ACCORDINGLY, the Court hereby ORDERS that the Defendants' joint motion [219] to strike the opt-in consent form of Wayne Westbrook is GRANTED; Westbrook's opt-in consent form is therefore STRICKEN.

SO ORDERED, this the 2nd day of June, 2020.

/s/ Glen H. Davidson
_____
SENIOR U.S. DISTRICT JUDGE

2