IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

MEGAN BRITT, BRETT HAWKINS,
STEVE HARBOUR, JASON NORMAN,
BRIAN MILEY, CLINT BUCKLEY, and
JASON BAKER, individually and on behalf
of others similarly situated                                                        PLAINTIFFS

VS.                                            CIVIL ACTION NO. 1:18-CV-38-GHD-DAS

MISSISSIPPI FARM BUREAU CASUALTY
INSURANCE COMPANY, SOUTHERN
FARM BUREAU LIFE INSURANCE
COMPANY, and SOUTHERN FARM BUREAU
CASUALTY INSURANCE COMPANY                                     DEFENDANTS

### ORDER DENYING PLAINTIFF'S OBJECTIONS TO AND APPEAL OF MAGISTRATE JUDGE'S ORDERS

Presently before the Court is the Plaintiffs' objections [285] to and appeal of an Order [274] entered by the Magistrate Judge in this matter. The subject order granted the Defendants' motion to amend their Answer and include a newly-discovered affirmative defense. The Defendants have filed a joint response to the Plaintiffs' objection [290]. The matter is now ripe for review. *See* L. U. Civ. R. 72(a)(1)(A). Upon due consideration and for the following reasons, the Plaintiffs' objection is overruled and the Magistrate Judge's Order is affirmed.

*I.   Standard of Review*

Pursuant to the authority granted it by Congress, the Court has designated magistrate judges to hear and determine "pretrial matter[s] not dispositive of a party's claim or defense." *See* 28 U.S.C. § 636(b)(1)(A)1; Fed. R. Civ. P. 72(a); L.U. Civ. R. 72(d). "A party may serve and file objections to the [Magistrate Judge's] order within 14 days after being served with a copy." Fed. R. Civ. P. 72(a). "A magistrate judge's non-dispositive order may only be set aside if it 'is clearly erroneous or is contrary to law.' " *Moore v. Ford Motor Co.*, 755 F.3d 802, 806 (5th Cir. 2014)

1

(quoting Fed. R. Civ. P. 72(a)). *See* 28 U.S.C. § 636(b)(1)(A) (magistrate judge's nondispositive orders may be reconsidered "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law"); L.U. Civ. R. 72(a)(1)(B) ("[n]o ruling of a magistrate judge in any matter which he or she is empowered to hear and determine will be reversed, vacated, or modified on appeal unless the district judge determines that the magistrate judge's findings of fact are clearly erroneous, or that the magistrate judge's ruling is clearly erroneous or contrary to law"). "Under Rule 72(a), 'the district court is not permitted to receive further evidence; it is bound by the clearly erroneous rule in reviewing questions of fact.' " *Moore*, 755 F.3d at 808 n.15 (quoting *Haines v. Liggett Grp., Inc.*, 975 F.2d 81, 91 (3d Cir. 1992)). The "clearly erroneous" standard requires that the Court affirm the decision of the magistrate judge unless "on the entire evidence [the Court] is left with a definite and firm conviction that a mistake has been committed." *See United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 92 L. Ed. 746 (1948); *see also* Fed. R. Civ. P. 72(a).

## II. *Analysis and Discussion*

After careful consideration of the parties' arguments, the Magistrate Judge's Order, and all pertinent legal authorities, the Court finds that the Plaintiffs' objection is essentially moot and that the Magistrate Judge's Order is supportable by the record and not clearly erroneous or contrary to law, and the Court therefore affirms that Order.

The Magistrate's Order [274], which granted the Defendants' motion to amend their Answer and include a new defense [264], clearly and accurately sets forth the facts surrounding the subject defense and why the Defendants showed good cause in seeking to amend their Answer and add the defense. The Magistrate also permitted additional time for discovery so the parties could flesh out the contours of the defense. In any event, the Court subsequently granted the

2

parties' joint motion to continue the trial date of this matter, permitting even more time for discovery [288, 289, 295].

The Plaintiffs' primary argument is that the time for discovery was nearly complete when the Magistrate granted the Defendants' motion and that the Plaintiffs would face prejudice if the Defendants were permitted to amend [285]. Given that the period for discovery, as well as the trial date, have now been extended by several months, the Plaintiffs' objection is effectively moot. In any event, the Court agrees with the Magistrate's analysis and ruling on the Defendants' motion to amend – the Magistrate found, and the Court agrees, that the Defendants demonstrated that good cause under Rule 16(b)(4) of the Federal Rules of Civil Procedure existed for the request to amend because the request was in response to a change in the legal landscape necessitated by a newly promulgated rule from the Department of Labor regarding the subject defense. Accordingly, the Court finds that the Magistrate's ruling is not clearly erroneous or contrary to law, and the Court hereby affirms the Magistrate's Order [274]. *See Bamm, Inc. v. GAF Corp.*, 651 F.2d 389, 391–92 (5th Cir. 1981) (reversing denial of motion to amend; court was "unable to perceive undue prejudice" where "[d]iscovery had not been completed at the time of the filing of leave to amend," and there was "sufficient" time "to preclude any hardship to GAF as a result of the amendment.").

THEREFORE, it is hereby ORDERED that the Plaintiff's objections [285] and appeals are OVERRULED, and the Magistrate Judge's subject Order [274] is AFFIRMED in its entirety.

THIS, the 17 day of December, 2020.

/s/ Glen H. Davidson
SENIOR U.S. DISTRICT JUDGE