IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

MEGAN BRITT, BRETT HAWKINS,
STEVE HARBOUR, JASON NORMAN,
BRIAN MILEY, CLINT BUCKLEY, and
JASON BAKER, individually and on behalf
of others similarly situated                                                PLAINTIFFS

VS.                                                CIVIL ACTION NO. 1:18-CV-38-GHD-DAS

MISSISSIPPI FARM BUREAU CASUALTY
INSURANCE COMPANY, SOUTHERN
FARM BUREAU LIFE INSURANCE
COMPANY, and SOUTHERN FARM BUREAU
CASUALTY INSURANCE COMPANY                                                  DEFENDANTS

## OPINION DENYING DEFENDANTS' MOTION TO SEVER

Presently before the Court is the Defendants' motion [470] seeking to have the Court sever the Plaintiffs' claims and to schedule a separate trial for each Plaintiff's claims. Upon due consideration and for the reasons set forth below, the Court finds that the Defendants' motion should be denied. This matter shall proceed to trial on March 7, 2022, as a collective action with the present class of twelve plaintiffs.

**I.    Factual and Procedural Background**

The Plaintiffs are twelve current and former insurance agents who sold insurance policies for the Defendants in Mississippi. While the Defendants classified the Plaintiffs as independent contractors, the Plaintiffs contend that the Defendants exerted a sufficient level of control over them to make them employees, that they all worked in excess of 40 hours a week, and that Defendants did not pay them overtime, in violation of the Fair Labor Standards Act ("FLSA").

The Court conditionally certified this matter as a collective action in the early stages

of this litigation [108, 109]. The Court has since denied the Defendants' request to decertify this matter as a collective action [513, 514]. The Defendants now argue that the Court should order separate trials pursuant to Rule 42(b), which provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). Alternatively, the Defendants assert that Rule 21 applies, which permits the Court "[o]n motion or on its own, ... at any time, on just terms, [to] add or drop a party ... [or] sever any claim against a party." Fed. R. Civ. P. 21. The Court finds, however, that the Defendants have failed to carry their burden under either Rule 42 or Rule 21, and have not shown that separate trials or severance of claims by the Court is necessary. Therefore, the Court finds this action should proceed in a single trial.

**II.    Standard of Review**

  **A.    Rule 42 Standard for Separate Trials**

Under Rule 42, the party seeking separate trials carries the burden of proving that separation is necessary. *Crompton Greaves, Ltd. v. Shippers Stevedoring Co.*, 776 F. Supp. 2d 375, 402 (S.D. Tex. 2011) (citations omitted). Further, the United States Court of Appeals for the Fifth Circuit has cautioned that "separation of issues [under Rule 42(b)] is not the usual course that should be followed." *Response of Carolina, Inc. v. Leasco Response, Inc.*, 537 F.2d 1307, 1323-24 (5th Cir. 1976) (citation omitted). "[T]he issue to be tried must be so distinct and separable from the others that a trial of it alone may be had without injustice." *Id.* at 1324. Further, "[w]hether to conduct separate trials under the Rule is 'a matter left to the sound discretion of the trial court on the basis of circumstances of the litigation before it.'" *Alaniz v. Zamora-Quezada*, 591 F.3d 761, 773-74 (5th Cir.

2009) (citation omitted).

### B. Rule 21 Standard for Severance

Rule 21 states that, "on motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. Additionally, "the district court has the discretion to sever an action if it is misjoined or might otherwise cause delay or prejudice." *Applewhite v. Reichhold Chems.*, 67 F.3d 571, 574 (5th Cir. 1995). "Since Rule 21 does not provide any standards by which district courts can determine if parties are misjoined, courts have looked to Rule 20 for guidance." *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010) (citation omitted). Further, courts have consistently held "the party seeking severance under Rule 21 or separate trials under Rule 42(b) bears the burden of proving that such action is necessary." See, e.g., *Aspen Tech., Inc. v. Kunt*, No. 4:10-cv-1127, 2011 WL 86556, at *3 (S.D. Tex. Jan. 10, 2011) (citations omitted).

Issues of joinder and severance present questions committed to the sound discretion of the Court. The Fifth Circuit has consistently applied an abuse of discretion standard to such decisions, so long as there are no due process or jurisdictional complications. See, e.g., *EEOC v. Brown & Root, Inc.*, 688 F.2d 338, 341 (5th Cir. 1982).

Under Rule 20, a plaintiff may assert any right to relief jointly so long as the plaintiff establishes (1) the action asserted arises out of the same transaction or occurrence and (2) questions of law or fact common to all plaintiffs will arise in the action. *See* Fed. R. Civ. P. 20(a). "Generally, permissive joinder of plaintiffs under Federal Rule of Civil Procedure 20 is at the option of the plaintiffs, assuming they meet the requirements set forth in Rule 20." *Applewhite*, 67 F.3d at 574.

3

In the context of a motion to sever, the defendant bears the burden to show that the plaintiffs' claims do not meet the requirements of Rule 20(a) and that severance is required under the circumstances. *Aspen Tech., Inc. v. Kunt*, No. 4:10-cv-1127, 2011 WL 86556, at *3 (S.D. Tex. Jan. 10, 2011). In analyzing a motion under Rule 20(a), the Supreme Court has emphasized that "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966).

### III. Analysis

The Court finds that the Defendants have failed to show that separate trials are necessary. The Defendants argue that separate trials for the Plaintiffs are warranted, asserting jury confusion and unfair prejudice will occur if the trials are not separated. The Court disagrees.

The Court finds that separate trials under Rule 42(b) would create judicial inefficiency and public policy concerns for the Court. *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1417 (5th Cir. 1995) ("The federal courts are vested with the inherent power 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases' ") (citation omitted). Separate trials would be a judicially inefficient use of the Court's docket management. Additionally, a jury analysis as to each of the Plaintiffs under the economic realities test to determine whether each Plaintiff's employment classification is that of an independent contractor or as an employee of the Defendant is not an unreasonable task warranting separate trials. Therefore, the Court finds the Defendants have not met their burden in showing this Court separate trials are necessary under Rule 42(b). In addition, if the Court granted separate trials, it would be placing an undue burden on the

4

Court's docket, especially considering the global pandemic due to COVID-19. Separate trials would require different jury selections and multiple trials spread out over many months, which would increase risk to the health of the public.

As for severance, the Court finds that a jury analysis as to the Plaintiffs is not an unreasonable task that will cause cause jury confusion or unfair prejudice warranting severance under Rule 21. All of the Plaintiffs claim that the Defendants employed them and failed to pay them overtime in violation of FLSA which presents a common question of fact and law. Further, all of the Plaintiffs' claims arise out of Defendants' practice patterns of classifying employees and the alleged misclassification of their employment. Therefore, the Court finds that the Plaintiffs' claims involve a common question of law or fact and have arisen out of the same "transaction or occurrence," satisfying both elements of permissive joinder under Rule 20(a). A single trial will be more expedient and efficient than conducting multiple trials.

## IV. Conclusion

For all of the foregoing reasons, the Court finds that the Defendants' motion to sever the Plaintiffs' claims into twelve separate trials should be denied. The Defendants have failed to meet their burden to demonstrate that severance of the Plaintiffs' claims or separate trials are necessary, and the Court finds that the Plaintiffs' claims are properly joined. This matter shall therefore proceed to trial as a collective action.

An order in accordance with this opinion shall issue this day.

This, the ___1st___ day of March, 2022.

_/s/ signature_
SENIOR U.S. DISTRICT JUDGE