IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

MEGAN BRITT, BRETT HAWKINS,
STEVE HARBOUR, JASON NORMAN,
BRIAN MILEY, CLINT BUCKLEY,
JASON BAKER, and CHRIS CARNEY, individually,
and on behalf of all others similarly situated　　　　　　　　　　PLAINTIFFS

VS.　　　　　　　　　　　　　　　　　　CIVIL ACTION NO.: 1:18-cv-38-GHD-DAS

MISSISSIPPI FARM BUREAU CASUALTY
INSURANCE COMPANY, SOUTHERN
FARM BUREAU LIFE INSURANCE
COMPANY, and SOUTHERN FARM BUREAU
CASUALTY INSURANCE COMPANY　　　　　　　　　　　　　　DEFENDANTS

## ORDER BIFURCATING TRIAL INTO PHASES

The Court, as described herein, hereby *sua sponte* bifurcates the trial of these proceedings into two phases – an initial phase limited to whether or not the Plaintiffs were employees of the Defendants or whether they were independent contractors, and if necessary a second phase regarding the Defendants' defenses regarding overtime (the outside sales, highly compensated, retail, administrative, and executive defenses) and the Plaintiffs' damages, if any.

Bifurcation of a trial is governed by Federal Rule of Civil Procedure 42(b). *Briggs v. State Farm Fire & Cas. Co.*, 673 F. App'x 389, 390 (5th Cir. 2016). Rule 42(b) provides as follows: "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." FED. R. CIV. P. 42(b). "A motion to bifurcate is a matter within the sole discretion of the trial court . . . ." *Briggs*, 673 F. App'x at 390 (quoting *First Tex. Sav. Ass'n v. Reliance Ins. Co.*, 950 F.2d 1171, 1174 n.2 (5th Cir. 1992)); see also *Malin Int'l Ship Repair & Drydock, Inc. v. Veolia Es Special Services, Inc.*, 369 Fed. Appx. 553 (5th Cir. 2010); *Fidelity & Cas. Co. of New York v.*

*Mills*, 319 F.2d 63 (5th Cir. 1963); *Murillo et al v. Cory County Tradesman, LLC*, No. 15-3641, 2017 WL 2735559 (E.D. La. 2017). When ordering a separate trial of issues pursuant to Rule 42(b), a court must ensure that bifurcation would not "result in unnecessary delay, additional expense, or some other form of prejudice." *Laitram Corp. v. Hewlett-Packard Co.*, 791 F. Supp. 113, 115 (E.D. La. 1992).

Here, the Court finds that bifurcation of the trial in this matter is warranted. Bifurcating the trial into an initial liability phase, limited to the threshold question of whether the Plaintiffs were employees or independent contractors, and a second defenses/damages phase, if necessary, will expedite and economize the trial by allowing the jury to first consider the parties' evidence regarding whether the Plaintiffs are entitled to employee status under the Fair Labor Standards Act ("FLSA") and, if the jury determines that any or all of the Plaintiffs were employees of any or all of the Defendants, only then consider the Defendants' FLSA defenses and individual evidence of damages for each Plaintiff as to those Defendants found liable. *Malin Int'l Ship Repair & Drydock*, 369 Fed. Appx. at 555 (affirming a district court's decision to bifurcate when the issues of liability and damages were "clearly separable" and judicial economy would be served by bifurcation). In the case *sub judice*, the Court finds that separating the issues of initial liability and defenses/damages will encourage judicial efficiency, and those issues are "so distinct and separable" that a bifurcated trial "may be had without injustice" or prejudice to any party. *State of Ala. v. Blue Bird Body Co.*, 573 F.2d 309, 318 (5th Cir. 1978) (citing *Swofford v. B & W, Inc.*, 336 F.2d 406, 415 (5th Cir. 1964)).

Therefore, pursuant to Federal Rule of Civil Procedure 42(b), the Court finds that bifurcating the jury trial in this matter is warranted. The jury trial will be bifurcated into two phases. The first phase will determine the initial liability portion of Plaintiffs' collective action

2

FLSA claims – *i.e.*, whether the Plaintiffs were employees or independent contractors of the Defendants. If the jury returns a verdict that any or all of the Plaintiffs were employees of one or more of the Defendants, then the second phase of the trial will be immediately tried before the same jury to consider the Defendants' FLSA defenses and the amount of damages, if any, the Plaintiffs are entitled to as to those Defendants.

In sum, based on the foregoing, the Court concludes that, in the interests of convenience and judicial economy, bifurcating the trial in this matter as described above is warranted pursuant to Rule 42(b) of the Federal Rules of Civil Procedure.

IT IS THEREFORE ORDERED that the jury trial of this matter will be bifurcated into two phases. The first phase will determine the initial liability portion of Plaintiffs' collective action FLSA claims – whether the Plaintiffs were employees or independent contractors of the Defendants. If the jury returns a verdict that any or any or all of the Plaintiffs were employees of one or more of the Defendants, then the second phase of the trial will be immediately tried before the same jury to consider the Defendants' FLSA defenses and the amount of damages, if any, the Plaintiffs are entitled to as to those Defendants.

SO ORDERED, this the 1st day of March, 2022.

SENIOR U.S. DISTRICT JUDGE